William P. GEOFFROY, Plaintiff,
Appellant,

v.

SECRETARY OF HEALTH AND HU-
MAN SERVICES, Defendant,
Appellee.

No. 80–1798.

United States Court of Appeals,
First Circuit.

Submitted April 10, 1981.

Decided Sept. 28, 1981.

Edward M. Altman, Cambridge, Mass., on
brief for plaintiff, appellant.

Robert J. Triba, Asst. Regional Atty. Dept. of Health and Human Services, Boston, Mass., on brief for defendant, appellee.

Before CAMPBELL, BOWNES and BREYER, Circuit Judges.

BREYER, Circuit Judge.

This is an appeal from a judgment of the district court upholding the final decision of the Secretary of Health and Human Services ("Secretary") which denied appellant's request for Social Security disability benefits and supplemental security income. 42 U.S.C. §§ 423(a) and 1381–1383(c). It is argued that the Secretary's decision is not supported by substantial evidence on the record as a whole; that the Secretary improperly shifted the burden of proving the existence of alternate types of employment to the claimant; and that the district court erred in summarily adjudicating the appeal from the Secretary's decision on the basis of the Secretary's "Motion For Order Affirming the Decision of the Secretary."

Appellant, William Geoffroy, injured his back in an accident in January 1978. At the time he was twenty-one years old and had worked as a printer for about three years. On July 12, 1978 he filed an application for Social Security disability benefits and supplemental security income claiming that he was suffering from a "ruptured lumbar disc at L5 and probable disc herniation at L5 and S1 accompanied by low back pain and strain." The medical advice given to Geoffroy indicated, and the administrative law judge (ALJ) who conducted a hearing on his claim specifically found, that he should avoid any type of activity which required constant lifting, bending, stooping and standing. Because this type of activity was inherent in Geoffroy's occupation as a printer the ALJ determined that Geoffroy would not be able to return to this type of employment. However, the ALJ determined that Geoffroy could engage in light work activity.[1] He also concluded that he was a younger individual, had a high school education, was a skilled worker and had skills which would be transferable to other jobs. Because these findings coincided with the criteria set out in Rule 202.22, 20 C.F.R. Part 404, Subpart P (Determining Disability and Blindness) §§ 404.1501–.1598, App. 2 (Medical-Vocational Guidelines) (1980),[2] Social Security regulations permitted the ALJ to take administrative notice of the existence of other jobs which Geoffroy could perform, 20 C.F.R. § 404.1566(d), App. 2, § 200.00(b), and required him to reach the ultimate conclusion that he was not disabled within the meaning of the Social Security Act, 20 C.F.R. § 404.1569, App. 2 § 200.00(a).

On appeal Geoffroy claims that the ALJ misconstrued the record and that there is no support for his medical factual conclusions. He also contends that it was improper for the ALJ to take administrative notice of alternate employment and that the only method that could establish such evidence was the testimony or report of a vocational expert. Because our review of the record reveals that the ALJ's factual findings are amply supported, *see infra*, the critical question is, therefore, whether the administrative notice, taken here under 20 C.F.R., Part 404, Subpart P, App. 2, could properly satisfy the Secretary's burden.

---

1. In 20 C.F.R. § 404.1567(b) (1981) light work is defined as:

   Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

2. These regulations became effective on February 26, 1979, 43 Fed.Reg. 55349, 55362 (1978). The regulations in effect at the time of the administrative decision have been recently modified, 45 Fed. Reg. 55566 (1980). Because the modifications do not alter the substance of the regulations we cite to those regulations presently in effect.

Under 42 U.S.C. § 423(d)(1) and (d)(2) once it was accepted that Geoffroy could not perform his previous work the critical question became whether "[c]onsidering his age, education, and work experience, [he could] engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work." § 423(d)(2)(A). *See also* § 1382c(a)(3)(B). While we acknowledge that the new regulations which the Secretary uses to assess a claimant's ability to engage in substantial gainful activity, where he or she can no longer perform at their past employment, have been the subject of much recent litigation,[3] in the present case we can discern no reason why the notice taken, and the role these regulations played in the taking of such notice, were improper.

■ Our previous cases teach that where a claimant presents a prima facie case of disability—*i. e.*, that he can not engage in his previous type of employment—it is the Secretary's responsibility to establish that the claimant can engage in alternate employment and that such employment exists. *See Small v. Califano*, 565 F.2d 797, 800–01 (1st Cir. 1977); *Pelletier v. Secretary of Health, Education and Welfare*, 525 F.2d 158, 160 (1st Cir. 1975); *Hernandez v. Weinberger*, 493 F.2d 1120, 1122–23 (1st Cir. 1974); *Torres v. Celebrezze*, 349 F.2d 342, 345 (1st Cir. 1962). However, we have never held it to be a set rule that the report or testimony of a vocational expert is the only evidence which can establish the existence of alternate employment. Although in most, if not all, cases this would appear to be the most complete evidence in this re-

spect, we have indicated that there may be occasions where a lesser showing would suffice and have left open this possibility. Thus, for example, in *Hernandez v. Weinberger, supra*, at 1123, we stated that "once evidence of capacity to do specific jobs named are commonly known to 'exist in the national economy' it is permissible for the Secretary to take notice of this fact." Similarly, in *Small v. Califano, supra*, at 800–01, we indicated that where proper findings on actual physical constraints are made, and proper conclusions as to capability of alternate work are reached, a limited use of administrative notice was proper. In each of these cases, however, we found that the Secretary did not show that the claimant could perform at the type of work, the existence of which was being administratively noticed. *Compare McLamore v. Weinberger*, 538 F.2d 572, (4th Cir. 1976), (notice of existence of light and sedentary jobs properly taken); *Taylor v. Weinberger*, 512 F.2d 664, 668–69 (4th Cir. 1975) (although Secretary may administratively notice the existence of jobs, "facts pertaining to the capacity of a specific individual can be supplied only by particularized proof"); *Chavies v. Finch*, 443 F.2d 356, 357–58 (9th Cir. 1971) (use by vocational expert of "Dictionary of Occupational Titles" sufficient to establish existence of alternate employment); *Breaux v. Finch*, 421 F.2d 687, 689–90 (5th Cir. 1970) (Secretary can take notice that light work exists in national economy).

■ In contrast to the situation in *Small* and *Hernandez*, review of the uncomplicated record in the present case reveals adequate basis for a finding that the claimant is able to perform the work at issue. First, although it is conceded that Geoffroy suf-

---

**3.** No reported decision of an appeals court has yet explicitly determined the validity, or the propriety of the Secretary's use, of these regulations. In general they have been assumed to be valid without discussion on this point. *E. g., Thomas v. Secretary of Health and Human Services*, 659 F.2d 8 (1st Cir. 1981); *Decker v. Harris*, 647 F.2d 291 (2d Cir. 1981); *Vega v. Harris*, 636 F.2d 900 (2d Cir. 1981); *Parker v. Harris*, 626 F.2d 225 (2d Cir. 1980); *Warncke v.*

*Harris*, 619 F.2d 412 (5th Cir. 1980); *Hicks v. Califano*, 600 F.2d 1048 (2d Cir. 1979). Most lower courts have found them valid *e. g., Stallings v. Harris*, 493 F.Supp. 956 (W.D.Tenn. 1980); *Boyce v. Harris*, 492 F.Supp. 751 (D.S.C. 1980); *Crowe v. Harris*, 489 F.Supp. 683 (E.D. Tenn.1980), although at least two lower courts have disapproved their use, *Santise v. Harris*, 501 F.Supp. 274 (D.N.J.1981); *Philips v. Harris*, 488 F.Supp. 1161 (W.D.Va.1980).

fers from a back condition, there is little indication in the record that it is of any severity. The record indicates that Geoffroy continued working for some three months after the accident. In one of the reports of record his treating physician, Dr. Joseph Dorsey, July 24, 1978, informed Geoffroy that he could return to his previous work. Further, clinical testing proved inconclusive as to any severe impairment; x-rays of the lumbosacral spine were "entirely within normal limits," February 24, 1978; a myelogram proved normal, April 24, 1978; a lumbar discogram proved normal, April 26, 1978;[4] and treatment throughout the period covered by the record has been conservative consisting principally of heat pads, massage and exercises.[5] The only other medical evidence of record, the reports of Dr. John Grady, although consistent in stating that Geoffroy was "still disabled from returning to work at this time", also only prescribed conservative treatment and never really described specific limits to his functional ability.[6] In light of this medical record the ALJ's conclusion that Geoffroy retained the functional residual capacity to perform light work, *see* note 1 *supra*, is amply supported. Since the ALJ's further findings as to age, work experience and education are essentially undisputed, the ALJ's conclusion that Geoffroy met all the characteristics of the profile presented by Rule 202.22 of Table 2 was correct.

Within this framework of amply supported specific physical limitations and residual vocational capabilities we see no reason why the Secretary could not, under the "Medical-Vocational Guidelines", take administrative notice that substantial gainful work existed in the national economy for a person with Geoffroy's impairment, background, age and education. Certainly the taking of official notice has long been part of the administrative adjudicative process. *See* 5 U.S.C. § 556(e) (the taking of notice permitted by Administrative Procedure Act); 3 K. Davis, *Administrative Law Treatise*, 133–217 (2d ed. 1980). Moreover, the Secretary's regulations specifically inform claimants, such as Geoffroy, beforehand, that where certain facts are found to exist the Secretary will automatically take official notice of one particular matter, *viz.*, whether jobs existed in the national economy, in accordance with the information categorized in the "Medical-Vocational Guidelines." 20 C.F.R. §§ 404.1566(d), 404.1569, App. 2, § 200.00(a). Further, the facts on which the Secretary premised his taking of notice are "subject to rebuttal" evidence and "other evidence to refute such findings." App. 2, § 200.00(a). Geoffroy, who was assisted by counsel at the administrative hearing, does not complain that he has been precluded from presenting all the medical evidence he has in his favor. Therefore, we think this procedure is reasonable. It balances the Secretary's legitimate interest in being able efficiently to consider an area that lends itself to official notice with a claimant's right to an opportunity to present his case. *See* K. Davis, *supra*, § 15.18 (Official Notice In Disability Cases); *cf.* Federal Rules of Evidence 201(e) (opportunity to be heard where a court takes judicial notice). Appellant has given us no reason to believe that the sources which form the basis of the notice taken, 20 C.F.R. § 404.1566(e), App. 2, § 200.00(b), are either inaccurate, unreliable or otherwise inappropriate as applied specifically to him. Thus, in this particular setting we find the effect of the notice taken—that employment exists in the national economy for a young vocationally skilled person who

---

**4.** A second discogram report, also dated April 26, 1978, states as a conclusion "probable posterior disc herniation at L5–S1."

**5.** Appellant testified toward the end of the administrative hearing that Dr. Dorsey had indicated surgery was necessary. There is, however, no written corroboration of this statement in the medical record. To the contrary all of Dr. Dorsey's reports indicate that no such treatment is required.

**6.** Dr. Grady's reports are ambiguous as to whether he felt that Geoffroy should also avoid all other types of activity. In any event, this

must avoid constant bending, stooping and lifting—entirely reasonable.[7]

■ On a different point, appellant complains that the ALJ did not list any specific jobs which he could perform. While we agree this is so, we do not consider this shortcoming fatal. Had this case presented a more complex medical-vocational record or less specific factual findings, the ALJ's failure to list specific types of jobs might perhaps have led to a different result. The ALJ's decision assumed without further elaboration, that it automatically followed that Geoffroy, and indeed any claimant who can engage in light or sedentary activity, was capable of performing all 1600 occupations noticed in App. 2, § 202.00(a). It is questionable whether the Secretary's burden under 42 U.S.C. § 423(d)(1)(A) is correctly sustained under such a mechanical interpretation. *Cf. Decker v. Harris*, 647 F.2d 291, 297–99 (2d Cir. 1981) (despite use of "Medical-Vocational Guidelines" the Secretary must still show particular jobs which a claimant can perform); *Hall v. Secretary of Health, Education and Welfare*, 602 F.2d 1372, 1375–77 (9th Cir. 1979) (Secretary must show a claimant can engage in a specified job). We need not, however, decide whether in a case such as Geoffroy's (*i. e.*, where the only impairment asserted does not appear to be severe) an ALJ must ritualistically list specific light jobs when the Secretary has by regulation defined what characteristics are entailed in this category. *Cf. O'Banner v. Secretary of Health, Education and Welfare*, 587 F.2d 321, 323 (6th Cir. 1978) ("It is well established in this circuit that the Secretary may take administrative notice that light work exists in the national economy. *Floyd v. Finch*, 441 F.2d (6th Cir. 1971) citing *Breaux v. Finch*, 421 F.2d 687

(5th Cir. 1970).") Despite the ALJ's omission the record does list several alternative types of employment which appellant was thought capable of performing. Whether or not these listed occupations accurately reflect the Secretary's ultimate decision[8] we see no prejudice to the claimant in the ALJ's failure to repeat these occupations, or list others like them, in his decision. They are a fair example of the type of light work the record shows Geoffroy can engage in.

■ Lastly, we find no procedural error in the district court's adjudication of the appeal upon the Secretary's "Motion For Order Affirming the Decision of the Secretary." Appellant complains that in deciding the appeal upon such a motion the district court violated the summary judgment provisions of Fed.R.Civ.P. 56 by failing to extend to him an opportunity to introduce supporting affidavits or other supplementary materials or set a hearing on the motion. However, appellant has never indicated the nature of this supplementary evidence or that such further evidence does in fact exist. In any event, whatever label the parties or the court ascribe to the procedure used to review the Secretary's decision, statute and long established case law make clear that the court's function is a narrow one limited to determining whether there is substantial evidence to support the Secretary's findings and whether the decision conformed to statutory requirements. 42 U.S.C. § 405(g), 1383(c)(3); *Lizotte v. Secretary of Health and Human Services*, 654 F.2d 127, 128 (1st Cir. 1981). Because the court does not sit to make *de novo* determinations and appellant in his opposition to the Secretary's motion presented no indication whatsoever that "good cause" ex-

---

conflicting evidence was for the Secretary and not the court to adjudicate.

**7.** In the "Medical-Vocational Guidelines" the Secretary takes notices that "approximately 1600 separate sedentary and light unskilled occupations can be identified" App. 2, § 202.-00(a).

**8.** In the Secretary's initial denial of the application, July 27, 1978, he lists three examples of light work which Geoffroy is considered capa-

ble of performing: a file clerk in a manufacturing office, a sample clerk in a supply house, and a machine tender in a rubber parts factory. Because of the intervening request for reconsideration, administrative review and Appeals Council action, it is perhaps inaccurate to consider these alternate occupations a part of the Secretary's ultimate decision. It does demonstrate, however, that the record is not entirely devoid of evidence in this respect.

isted to remand the matter for the taking of any additional evidence—which was in effect the most that appellant could have expected—the court correctly proceeded to rule on the appeal on the basis of the record before it.

*Affirmed.*