**Oscar Rosa SOTO, Plaintiff,**

v.

**COMMISSIONER OF SOCIAL SECURITY, Defendant.**

**No. CIV. 02–1649 DRDJAC.**

United States District Court,
D. Puerto Rico.

Feb. 5, 2003.

Melba N. Rivera Camacho, Esq., Rivera Camacho & Associates, Carolina, for Plaintiff.

Camille L. Vélez Rivé, U.S. Attorney's office, Hato Rey, for Defendant.

## OPINION AND ORDER

CASTELLANOS, United States Magistrate Judge.

Above plaintiff filed this action seeking judicial review of the final decision of the Commissioner of Social Security (the Commissioner) denying his initial application for a period of disability and ensuing benefits because of a mental condition and pain in his back and shoulder. Social Security Act, 42 U.S.C. § 405(g).

After the initial application was denied, an administrative hearing was held wherein claimant testified. The presiding Administrative Law Judge (ALJ) ordered, thereafter, a psychiatric consultative evaluation that was made part of the record. The ALJ found that claimant had a severe impairment, diagnosed as major depression, anxiety, and panic attack disorder. Still, it was concluded that he retained the residual functional capacity to perform the requirements of his past relevant work as a janitor. For this reason, claimant was not found to be under disability for being able to perform work related tasks.

To be found disabled claimant must suffer a severe impairment which precludes his ability to perform other forms of substantial gainful activity. The initial showing of disability places on claimant the burden to show inability to perform his past relevant job. It is then that the burden shifts to the Commissioner to prove the existence of other jobs in the national economy that plaintiff can still perform. *Goodermote v. Secretary of Health and Human Servs.*, 690 F.2d 5 (1st Cir.1982); *Torres v. Secretary of Health &*

*Human Servs.*, 677 F.2d 167 (1st Cir.1982). See also *Vazquez v. Secretary of Health & Human Servs.*, 683 F.2d 1 (1st Cir.1982); *Geoffroy v. Secretary of Health & Human Servs.*, 663 F.2d 315 (1st Cir.1981).

The medical evidence presented throughout the record is clear and not controverted, except for the administrative determination that claimant retained the residual functional capacity for work activities but should avoid highly stressful activities or complex tasks.

To review the final decision of the Commissioner, courts must determine if the evidence of record meets the substantial evidence criteria to support the Commissioner's denial of plaintiff's disability claim. Substantial evidence is "more than a mere scintilla and such, as a reasonable mind might accept as adequate to support a conclusion". *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971), quoting *Consolidated Edison Co. v. N.L.R.B.*, 305 U.S. 197, 59 S.Ct. 206, 83 L.Ed. 126 (1938). The findings of the Commissioner as to any fact are conclusive, if supported by the above stated substantial evidence. *Falu v. Secretary of Health & Human Servs.*, 703 F.2d 24 (1st Cir.1983).

The record shows that plaintiff was treated at a mental institution with a partial hospitalization from October 28, 1998, until November 16, 1998. He was provided with significant pharmacological treatment and was diagnosed with a major depression, single episode. In Axis III he was found to suffer from migraine and muscle spasms. The notes from Clínica del Norte at Hatillo and by Dr. César Cubano of October 28, 1998, refer to some pulmonary emphysema and migraine in Axis III and there is a diagnosis of major depression, single episode. There is also

an evaluation by Dr. Karen L. Soto Medina from the Manatí Psychiatric Clinic which describes a history of family suicides and a major depression with an anxiety disorder. In Axis II the patient is shown having avoidant personality traits. Medication at both referred instances continued, to include, among others; Prozac, Mellaril, Paxil, Buspar and Xanax.

Notes dated February 12, 1999, through November of 1998 by Dr. César M. Cubano refer to monthly treatments for a major depression with psychotic features. Notes from Dr. José Ríos Cervantes of March 2000, refer to a psychiatric evaluation and mention complaints of back and shoulder pain. The patient is described as looking older than his age and underweight, with generalized anxiety disorder with depressive traits.

Plaintiff, whose prior work was as a factory janitor, has claimed inability to work since onset date of September 21, 1998, because of a mental condition that has required hospitalization and monthly treatments of therapy and medications. He is divorced and resides with a brother who manages almost all of his affairs, except for some personal care and grooming. He is an isolated individual, who lacks all interest and does not attend religious, family or community activities. The medical evidence is consonant throughout the record in that plaintiff suffers from major depression, anxiety, accelerated psychomotor activity, restlessness, with impaired judgment and inappropriate mood. Although at times he has been found logical, coherent, relevant, and oriented, most of the time he seems confused, with impaired judgment and moderate concentration difficulties. The longitudinal record shows loss of body weight and physical deterioration.

Dr. Raúl Benítez Pérez submitted an evaluation from the years 1999 and 2000

for monthly and/or 3–months visits. The patient was oriented. His immediate, recent, and remote memory were diminished; had poor judgment and insight. He had diminished attention and concentration and showed extreme difficulty to concentrate and pay attention with easy blocking. The diagnosis was of major depression with panic episodes.

Dr. Oscar Carbona, a medical consultant for the Commissioner, describes a patient who is coherent, logical, and relevant with frequent blocking. The flow of thought was scarce and not spontaneous. Affect was not appropriate and was blunt. He was not in good contact with reality. The patient was also anxious, sad, frustrated, hostile, and depressed; not oriented in time and with poor remote and immediate memory but good recent memory. Attention and concentration were poor. Because of the high state of anxiety and depression, the patient was not able to complete the tasks assigned to assess his intellectual capacity. Judgment was poor. The consultative evaluation was that he suffered from major depression and panic attack.

There are other annotations in the medical record of a physical nature because of shoulder pain. Progress notes dated November 6, 1999, indicated complaints of pain in the right shoulder. On January 10, 2000, pain continued on the right shoulder. Prior notes from the State Insurance Fund in 1998 refer to shoulder sprain with pain and numbness sensations.

The memorandum filed by plaintiff's counsel comprehensively examines the medical evidence and correctly characterizes as one of those rare cases where all consultative examiners, psychiatric hospitalizations, and treating sources are in common agreement. There is not one single medical evaluation or report that describe claimant's symptoms in any con-

tradictory manner and the record is consistent. The administrative adjudicator is not at liberty to substitute his own judgment absent any contradictory medical opinions. *Rose v. Shalala,* 34 F.3d 13 (1st Cir.1994).

This magistrate concludes that an examination of the evidence in the record as a whole, as to which the above indicated is merely a succinct statement of same, fails to provide the substantial evidence required to support the decision of the Commissioner denying plaintiff's entitlement to a period of disability and benefits. See *Seavey v. Barnhart,* 276 F.3d 1 (1st Cir. 2001); *Mowery v. Heckler,* 771 F.2d 966, 973 (6th Cir.1985). Thus the decision of the Commissioner is hereby VACATED.

The Clerk is to enter judgment accordingly.

IT IS SO ORDERED.