Victor **AGRON–ACOSTA**, Plaintiff,

v.

**COMMISSIONER OF SOCIAL SECURITY**, Defendant.

No. CIV. 02–1527(JAC–JAG).

United States District Court, D. Puerto Rico.

March 5, 2003.

---

Salvador Medina De La Cruz, Esq., Río Piedras, PR, for Plaintiff.

Camille L. Vélez Rivé, A.U.S.A., U.S. Attorney's Office, Hato Rey, PR, for Defendant.

## OPINION AND ORDER

CASTELLANOS, United States Magistrate Judge.

Plaintiff filed this action seeking judicial review of the final decision of the Commissioner of Social Security (the Commissioner) denying the application for a period of disability and ensuing benefits. Social Security Act, 42 U.S.C. § 405(g). This action relates to a fifty seven (57) years-old individual, who has minimal education, first grade schooling, and with prior work experience that is semi-skilled and heavy in exertion. He was mostly employed by a tuna packing company as a loader for over fourteen years (1985 through 1999) and he ceased working in 1999, after receiving several treatments for job related injuries. His complaints for inability to continue with his work refers to precordial (heart) pain, diabetes mellitus, high blood pressure, injuries to his upper extremities, back spurs and accompanying pain.

After the initial application for disability was denied, the claimant, who is insured up to December 31, 2003, waived being present at the administrative hearing scheduled for February 8, 2001. The extensive medical record was submitted. Still, the majority of the record of treatment dates to the years 1986 through 1992, when claimant received treatments while still continuing to work. The medical annotations for the years 1999 through 2000 submitted by counsel for plaintiff, which are more closely related to the disability claims, are unintelligible thus devoid of any meaningful review as to its content by this Magistrate.

The decision of presiding Administrative Law Judge (ALJ) dated February 21, 2001, denied plaintiff's disability claim and was adopted by the Commissioner as its final decision. It is from the latter decision that plaintiff has now requested judicial review. The ALJ concluded that the medical evidence showed plaintiff suffered from psoriasis on his elbows and hands, mild degenerative joint disease, spondyloarthritis of the spine, diabetes mellitus and arterial hypertension. These impairments, although severe, did not meet or equal the Listing of Impairments. The ALJ further found that most of the medical treatment received was routine and diversified through the years 1982, 1996, and 1998. In regard to his diabetic condition, there was no evidence of end-organ damage, varicosities, or ulcers. High blood pressure showed no complications. The back condition displayed no spinal tenderness, atrophy, or deformity. There were no limitations as to movements as

indicated by the medical examinations and the range of movement chart. Plaintiff had also mild degenerative joint disease at the left shoulder. The ALJ stated that medical record submitted failed to contain laboratory findings as to blood sugar levels, tests related to his arterial hypertension or X-rays of other claimant's conditions.

The administrative decision does not particularly mention allegations of precordial pain that is elicited by effort. The medical record indicates moderate physical capacity and a stress test performed that had to be stopped due to angina. The test was considered clinically positive. The internal medicine evaluation refers to complaints of at least two or three episodes monthly of precordial pain that improves with the use of SL NTG. Stressful situations and lifting of 20–25 pounds could bring on pain.

The ALJ concluded that claimant could not perform his prior heavy and semi-skilled work but retained the residual functional capacity for a narrow range of medium work. This conclusion would also allow performance of light and sedentary type of work. The limitations as to medium work were to avoid frequent bending and not being exposed to respiratory irritants such as dust, fumes, strong odors, and extreme changes in temperature and humidity. Medium level of exertion requires standing and walking off and on, for a total of approximately 6 hours of an 8–hour workday. See Social Security Ruling 83–10 (PPS–101), Titles II and XVI: Determining Capability to Do Other Work–The Medical Vocational Rules of Appendix 2 (S.S.A 1983). See 20 C.F.R. 404.1567.

To be found disabled claimant must suffer a severe impairment which precludes his ability to perform other forms of substantial gainful activity. The initial showing of disability places on claimant the burden to show inability to perform his past relevant job. It is then that the burden shifts to the Commissioner to prove the existence of other jobs in the national economy that plaintiff can still perform. *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5 (1st Cir.1982); *Torres v. Secretary of Health & Human Servs.*, 677 F.2d 167 (1st Cir.1982). See also *Vazquez v. Secretary of Health & Human Servs.*, 683 F.2d 1 (1st Cir.1982); *Geoffroy v. Secretary of Health & Human Servs.*, 663 F.2d 315 (1st Cir.1981).

This Magistrate Judge examined the medical evidence and the record as a whole, which can be succinctly described as indicated above. Additionally, there is treatment record by the State Insurance Fund for the year 2000 and by Dr. Martínez and Dr. Rodríguez. Blood pressure was 140/100; heart had regular rhythm; the back had normal flexion and extension. The diagnosis was of moderate spondylosis and some disc narrowing at L5–S1; and mild degenerative joint disease. The range of motion chart showed normal movements in all areas, except for the lumbar region where flexion and extension were up to 80 degrees on a 90 degree scale. There are X-rays reading of the chest that mention uncoiled dilated aorta and no pulmonary infiltrates, but otherwise negative. X-rays of the spine reading, in addition to disc narrowing, showed moderate to severe spur formation and mild scoliosis. No bone injury or other significant finding was noted.

Courts must uphold the Commissioner's findings if a reasonable mind, reviewing the record as a whole, would accept it as adequate to support his [her] conclusions. *Irlanda Ortiz v. Secretary of Health & Human Servs.*, 955 F.2d 765, 769 (1st Cir. 1991); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

To review the final decision of the Commissioner courts must determine if the evidence of record meets the substantial evidence criteria to support the Commissioner's denial of plaintiff's disability claim. Substantial evidence is "more than a mere scintilla and such, as a reasonable mind might accept as adequate to support a conclusion". *Richardson v. Perales,* 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971), quoting *Consolidated Edison Co. v. N.L.R.B.,* 305 U.S. 197, 59 S.Ct. 206, 83 L.Ed. 126 (1938). The findings of the Commissioner as to any fact are conclusive, if supported by the above stated substantial evidence.[1] The court would set aside a denial of benefits only if it is not supported by substantial evidence or if it is based on a legal error. *Seavey v. Barnhart,* 276 F.3d 1, 9 (1st Cir.2001). See *Rodriguez v. Secretary of Health and Human Servs.,* 647 F.2d 218, 222 (1st Cir. 1981).

This Magistrate considers that there is substantial evidence in the record as a whole to support the decision of the Commissioner. Thus, the decision of the Commissioner denying plaintiff's entitlement to a period of disability and ensuing benefits IS AFFIRMED.

The Clerk is to enter judgment accordingly.

IT IS SO ORDERED.

---

**1.** *Falu v. Secretary of Health & Human Servs.,*  703 F.2d 24 (1st Cir.1983).