**Altagracia TORRES–GONZALEZ, Plaintiff**

v.

**COMMISSIONER OF SOCIAL SECURITY, Defendant**

**No. CIV. 02–2250(SEC–JAC).**

United States District Court, D. Puerto Rico.

March 12, 2003.

Rafael Colon–Flores, Esq., Ponce, PR, for Plaintiff.

Camille L. Vélez Rivé, A.U.S.A., U.S. Attorney's Office, Hato Rey, PR, for Defendant.

**OPINION AND ORDER**

CASTELLANOS, United States Magistrate Judge.

Plaintiff filed this action seeking judicial review of the final decision of the Commissioner of Social Security (the Commissioner) denying her application for a period of disability and ensuing benefits. Social Security Act, 42 U.S.C. § 405(g). This action relates to a fifty two (52) years-old female, although age 50 at the time she was last insured, who has high school equivalent education and prior work experience as a fast cook, housekeeper, and attending elderly people. These jobs are considered to require medium to light kind of exertion. Plaintiff claims inability to work since 1997 at age forty eight because of bronchial asthma, arthritis, muscle spasms, and a mental condition diagnosed as severe depression.

After the initial application for disability was denied, the claimant, who is insured up to September 21, 1999, testified at the administrative hearing. The testimony of a vocational expert was also elicited. Thereafter, the presiding Administrative Law Judge (ALJ) issued a decision dated December 28, 2001, denying plaintiff's disability claim and same was adopted by the

Commissioner as its final decision. It is from the latter decision that plaintiff has now requested judicial review.

The ALJ concluded that the claimant must establish her disability up to September 30, 1999. The medical evidence examined showed a history of bronchial asthma even after she quit smoking two packs of cigarettes daily for over twenty years. During her insured period, she received medical treatment for her asthma in 1997 without significant clinical findings. There were chest X-rays that failed to reveal evidence of pleuropulmonary pathology. There is evidence of receiving treatment at the emergency room after claimant's insured period had expired, that is in the years 2000 and 2001.

There is a record of muscle spasms in 1998 and plaintiff received physical therapy with improvement of symptoms. No neurological deficit was reported. The ALJ concluded that, prior to her insured period, there was no significant musculoskeletal condition. Afterwards, in the year 2001, claimant underwent left carpal tunnel syndrome release and was also found with early degeneration of the L5–S1 disc spaces that were associated with a mild bulging annulus.

In regard to her mental condition, the ALJ indicated that claimant first sought treatment in June of 2000 and has continued follow-up treatment during the year 2001.

Considering the above, the ALJ concluded that claimant retained the functional capacity to perform medium to light kind of work and that she was not precluded from performing her previous relevant kind of work. Since the vocational expert's testimony[1] showed that claimant's past work was classified light to medium[2] in physical demands and semi-skilled, the ALJ determined that she could perform same and thus was not considered to be under disability.

To be found disabled claimant must suffer a severe impairment which precludes her ability to perform other forms of substantial gainful activity. The initial showing of disability places on claimant the burden to show inability to perform her past relevant job. It is then that the burden shifts to the Commissioner to prove the existence of other jobs in the national economy that plaintiff can still perform. *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5 (1st Cir.1982); *Torres v. Secretary of Health & Human Servs.*, 677 F.2d 167 (1st Cir.1982). See also *Vazquez v. Secretary of Health & Human Servs.*, 683 F.2d 1 (1st Cir.1982); *Geoffroy v. Secretary of Health & Human Servs.*, 663 F.2d 315 (1st Cir.1981).

Plaintiff testified at the administrative hearing of December 21, 2001, that she gives herself respiratory therapy for asthma several times a day. She considers being unable to work because of a disc problem and depression. Treatments with Dr. Hoyos have been received during the last three months[3] but she had prior treatment at the San Lucas Hospital for about a year or two before. She claims having been treated in the United States while she was working in New York and Penn-

1. The record also contains a past relevant work summary prepared by the same vocational expert, Dr. Ariel Cintrón, regarding the demands of plaintiff's previous work.

2. Medium level of exertion requires standing and walking off and on, for a total of approximately 6 hours of an 8–hour workday. See Social Security Ruling 83–10 (PPS–101), Titles II and XVI: Determining Capability to Do Other Work—The Medical Vocational Rules of Appendix 2 (S.S.A 1983). See 20 C.F.R. 404.1567.

3. Dr. Guillermo J. Hoyos indicated having first seen the patient on September 13, 2001.

sylvania where she worked at a school cafeteria and at McDonald's as a cook. Once back in Puerto Rico, she worked as a home health aid or housekeeper for elderly persons.

In addition to the medical evidence mentioned, the record shows a reading of the left wrist dated 11/09/1999 that found irregularity and calcification of the anterior articular surface of the radio-carpal articulation, due most likely to degenerative osteoarthrosis. A bone scan performed in the year 2000 was normal.

In 1998 plaintiff was hospitalized at the First Hospital Panamericano for depression. She had undergone a family crisis because of marriage problems and having her son incarcerated. Physical examination was essentially negative, except for bronchial asthma. She took part of the therapy for her depression and was discharged as not psychotic, not suicidal or homicidal and was to follow up her psychiatric treatment and continue to take medications as prescribed. The diagnosis was of recurrent major depression.

The notes by Dr. Emma Lou Carreras, a physiatrist, report in 1998 that the patient had complaints of generalized pain for which she takes Tylenol. There is some mild spasm in the trapezii. Additional medical treatment was sought in the year 2000.

Because of bronchitis, plaintiff received treatment at the Hospital Dr. Pila in May of 2000. Notes from the Saint Luke's Episcopal Hospital showed prior treatment after developing cough and shortness of breath in July 9, 2000. A summary note reports hospitalization from July 7–10, 2000, for bronchitis. A spirometry and pulmonary function test dated September 14, 2001, indicated airway obstruction and a severe obstructive airways disease but following the administration of bronchodilatators, there was an excellent response. The MRI of the lumbosacral spine is dated March 6, 2001. The impression was of early degeneration of the L5–S1 disc associated with a mild bulging annulus.

Courts must uphold the Commissioner's findings if a reasonable mind, reviewing the record as a whole, would accept it as adequate to support his [her] conclusions. *Irlanda Ortiz v. Secretary of Health & Human Servs.*, 955 F.2d 765, 769 (1st Cir. 1991); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

To review the final decision of the Commissioner courts must determine if the evidence of record meets the substantial evidence criteria to support the Commissioner's denial of plaintiff's disability claim. Substantial evidence is "more than a mere scintilla and such, as a reasonable mind might accept as adequate to support a conclusion". *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971), quoting *Consolidated Edison Co. v. N.L.R.B.*, 305 U.S. 197, 59 S.Ct. 206, 83 L.Ed. 126 (1938). The findings of the Commissioner as to any fact are conclusive, if supported by the above stated substantial evidence.[4] The court would set aside a denial of benefits only if it is not supported by substantial evidence or if it is based on a legal error. *Seavey v. Barnhart*, 276 F.3d 1, 9 (1st Cir.2001). See *Rodriguez v. Secretary of Health and Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

This Magistrate considers that there is substantial evidence in the record as a whole to support the decision of the Commissioner. Thus, the decision of the Commissioner denying plaintiff's entitlement to

---

4.   *Falu v. Secretary of Health & Human Servs.,*   703 F.2d 24 (1st Cir.1983).

a period of disability and ensuing benefits IS AFFIRMED.

The Clerk is to enter judgment accordingly.

IT IS SO ORDERED.