**Alberto MORALES ALONSO, Plaintiff,**

v.

**COMMISSIONER OF SOCIAL SECURITY, Defendant.**

**No. CIV. 02–2377(JAG–JAC).**

United States District Court, D. Puerto Rico.

Sept. 29, 2003.

Rafael Colón Flores, Ponce, PR, for Plaintiff.

Camille L. Vélez Rivé, AUSA, Torre Chardón, San Juan, PR, for Defendant.

## OPINION AND ORDER

CASTELLANOS, United States Magistrate Judge.

Above plaintiff had filed an application for disability insurance benefits with the Social Security Administration which was denied. At the time of his application, he was a forty eight years old male, with high school education, and previous work experience as a delivery driver and soda salesperson, which required medium level of exertion. Although he had previously requested benefits, based on onset date of disability of March 3, 1995, at the time of the administrative hearing, the Administrative Law Judge (ALJ) allowed a reopening and considered the previously unadjudicated period from August 1, 1998, through October 31, 2000. Plaintiff has claimed inability to work because of diabetes, back pain, high cholesterol and trigly-

cerides. There is also evidence of an affective disorder.

The administrative hearing was held on June 20, 2000, wherein the claimant, in addition to a vocational expert, Mr. Miguel Pellecier, testified. The ALJ thereafter issued an opinion finding that claimant, although having a severe condition, should not be considered to be under disability, since he could perform a variety of light jobs that existed in the national economy. These findings were adopted as the final decision of the Commissioner of Social Security (the Commissioner). Plaintiff now seeks judicial review of this decision. Social Security Act, 42 U.S.C. § 405(g).[1]

■ To establish entitlement to benefits, claimant has the burden of proving that he became disabled within the meaning of the Social Security Act. *See Bowen v. Yuckert,* 482 U.S. 137, 107 S.Ct. 2287, 2294 n. 5, 96 L.Ed.2d 119 (1987); *Deblois v. Secretary of Health & Human Servs.,* 686 F.2d 76, 79 (1st Cir.1982). Claimant may be considered disabled if he is unable to perform any substantial gainful employment because of a medical condition that is expected to last for a continuous period of at least twelve (12) months. The impairments imposed by the condition or combination of conditions must be so severe as to prevent him from working in his usual occupation and in any other substantial gainful employment further taking in consideration age, education, training, and work experience. Social Security Act, 42 U.S.C. 423(d)(2)(A).

■ Once claimant has established he is unable to perform his previous work, the burden then shifts to the Commissioner to prove the existence of other jobs in signifi-

---

1. Section 205(g) provides:
    "[t]he court shall have power to enter, upon the pleadings and transcripts of record, a judgment affirming, modifying, or

reversing the decision of the Commissioner, with or without remanding the cause for a rehearing".

cant numbers in the national economy that claimant is still able to perform. *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5 (1st Cir.1982); *Torres v. Secretary of Health & Human Servs.*, 677 F.2d 167 (1st Cir.1982). *See Vázquez v. Secretary of Health & Human Servs.*, 683 F.2d 1 (1st Cir.1982); *Geoffroy v. Secretary of Health & Human Servs.*, 663 F.2d 315 (1st Cir.1981).

■ The opinion of the ALJ considered that the claimant's previous work activity required significant physical demand and at a medium level of exertion. He had worked as a soda delivery vendor and as a delivery/truck driver. After a work accident suffered while he was trying to hold a hand truck full of merchandise, claimant received treatment from the State Insurance Fund for back pain, thereafter diagnosed as a small bulging disc at L3–L4 and L4–L5. However, there was no neurological deficit. He also thereafter developed an affective condition. Claimant also suffered from non-insulin dependent diabetes mellitus, without any severe end organ damage established.

Through the testimony of the medical expert, Mr. Miguel Pellecier, and considering claimant's age, education, and work experience, the ALJ identified light jobs that existed in the national economy well within claimant's residual functional capacity. These allowed him to alternate positions and included wire cutter and bagger jobs.

The medical record shows evidence of bulging annulus at L3–L4 and L4–L5 level and a small central HNP at L5–S1. The vertebral bodies and appendages are intact and intervertebral spaces are preserved. There is no narrowing of the spinal canal. The neurological evaluation described an alert and fully oriented and cooperative individual, with adequate memory. There was no atrophy, no spasm but he had tender lumbar paraspinal muscles. Strength was intact. The diagnosis was of chronic lumbalgia and peripheral neuropathy. The range of movement was normal, except for some limitation on flexion of the spine.

There is a psychiatric evaluation by Dr. Luis A. Toro. The patient had received treatment as outpatient with Dr. Brignoni who prescribed Paxil 20 mg. and Xanax 0.5 mg., which helped with his anxiety and to sleep better. The patient is described as having good relations with family, friends, and neighbors, attending religious services, reading newspaper, listening to the radio and watching television. He is described as a well developed, well nourished individual with appropriate affect, who appeared slightly anxious. He had coherent and relevant speech, without spontaneity, and appeared in no significant physical or mental distress. Memory was well preserved and he was oriented in the three spheres. Attention, concentration and retention were moderately diminished. Judgment and reasoning were not impaired. The diagnosis was of a dysthimic disorder.

Notes from the Centro Avanzado de Salud Primaria del Suroeste showed regular follow-up treatment and refills for medications regarding his back condition and diabetes. On occasions the patient indicated having no complaints or that he had just come for routine laboratory tests. He showed high cholesterol levels that were treated with medication since he had a poor compliance record with the diet.

Due consideration was given by the ALJ to allegations of pain as an additional disabling factor. *See* Section 3(a)(1), which amended Section 223(d)(5) of the Social Security Act. *See also Avery v. Secretary of Health & Human Servs.*, 797 F.2d 19 (1st Cir.1986).

■ To review the final decision of the Commissioner, courts must determine if the evidence of record meets the substantial evidence criteria to support the Commissioner's denial of plaintiff's disability claim. Substantial evidence is "more than a mere scintilla and such, as a reasonable mind might accept as adequate to support a conclusion". *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971), quoting *Consolidated Edison Co. v. N.L.R.B.*, 305 U.S. 197, 59 S.Ct. 206, 83 L.Ed. 126 (1938). The findings of the Commissioner as to any fact are conclusive, if supported by the above-stated substantial evidence.[2]

There is substantial evidence in the record as a whole to support the decision of the Commissioner, for which reason it is AFFIRMED.

Judgment to be entered accordingly.

IT IS SO ORDERED.

---

**2.** *Falú v. Secretary of Health & Human Servs.,*   703 F.2d 24 (1st Cir.1983).