Gloria M. **RODRIGUEZ**, Plaintiff,

v.

**COMMISSIONER OF SOCIAL SECURITY**, Defendant.

No. CIV. 03–1107(DRD–JAC).

United States District Court, D. Puerto Rico.

Dec. 11, 2003.

---

Salvador Medina de la Cruz, Esq., Río Piedras, PR, for Plaintiff.

Camille L. Vélez–Rivé, AUSA, U.S. Attorney's Office, Torre Chardón, San Juan, PR, for Defendant.

## OPINION AND ORDER

CASTELLANOS, United States Magistrate Judge.

Above plaintiff filed an application with the Social Security Administration requesting a finding of disability and ensuing benefits because of pain, weakness, and a mental condition. She is a 41–year old female, with ninth grade education and previous work experience as a fish cleaner.

The Administrative Law Judge (ALJ) held a hearing on September 7, 2002, as to which claimant waived being present and his legal representative submitted the matter. Thereafter, the ALJ issued an opinion finding that the medical evidence submitted indicated claimant suffered from bronchial asthma, chronic lumbalgia, and a lumbosacral syndrome. Additionally, she also had a depressive disorder. These conditions were considered severe, but not severe enough under the Listing of Impairments.

Claimant had stopped working on January 10, 2000, alleging a severe emotional condition. She had recently initiated psychiatric treatment on January 3, 2000. Treatment continued every two months during the first year and thereafter visits were every six months. The ALJ considered the medical record submitted by the treating psychiatrist, Dr. Ariel Rojas, as well as medical evidence of one visit to the emergency room on September 19, 2001, because of a physical condition. There was no evidence of significant limitation of motion of the joints or back. The cervical and lumbar spine movement was not restricted. A neurological examination failed to reveal deficit, motor weakness, or atrophy. The claimant was determined to retain the residual functional capacity to engage in a narrow range of medium work. Thus, she would also be considered able to carry light and sedentary kind of work. Since her previous job as a fish cleaner required the full medium level of exertion, she was considered unable to perform said job. The ALJ then considered the claimant's age, education, and work experience. Her emotional condition still allowed her to understand an carry simple and detailed instructions, sustain attention and concentration, and complete a normal workday without undue interruption. Under the above consideration, claimant was able to perform jobs that existed in the national economy, such as sticker, assembler and cardboard inserter, and was determined not to be under disability.

These findings were adopted as the final decision of the Commissioner of Social Security (the Commissioner). Plaintiff now seeks judicial review of this decision. Social Security Act, 42 U.S.C. § 405(g).[1]

To establish entitlement to benefits, claimant has the burden of proving that she became disabled within the meaning of the Social Security Act. Disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months". 42 U.S.C. § 423(d)(1)(A). This definition is further qualified by § 423(d)(2)(A) in that

---

1. Section 205(g) provides:

"[t]he court shall have power to enter, upon the pleadings and transcripts of record, a judgment affirming, modifying, or reversing the decision of the Commissioner, with or without remanding the cause for a rehearing".

"An individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he [she] is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . .". *Barnhart v. Thomas,* — U.S. —, —, 124 S.Ct. 376, 378, — L.Ed.2d —, — (2003). *See Bowen v. Yuckert,* 482 U.S. 137, 107 S.Ct. 2287, 2294 n. 5, 96 L.Ed.2d 119 (1987); *Deblois v. Secretary of Health & Human Servs.,* 686 F.2d 76, 79 (1st Cir. 1982).

■ Once claimant has established she is unable to perform her previous work, the burden then shifts to the Commissioner to prove the existence of other jobs in significant numbers in the national economy that claimant is still able to perform. *Goodermote v. Secretary of Health & Human Servs.,* 690 F.2d 5 (1st Cir.1982); *Torres v. Secretary of Health & Human Servs.,* 677 F.2d 167 (1st Cir.1982). *See Vázquez v. Secretary of Health & Human Servs.,* 683 F.2d 1 (1st Cir.1982); *Geoffroy v. Secretary of Health & Human Servs.,* 663 F.2d 315 (1st Cir.1981).

■ The ALJ also expressed that claimant's medical impairment could reasonably be expected to cause some of the symptoms, particularly, pain and limitations alleged, but not within the frequency and intensity to preclude her from lifting and carrying a maximum of 40 pounds occasionally and 20 pounds frequently. As such, the ALJ gave due consideration to allegations of pain as an additional disabling factor. *See* Section 3(a)(1), which amended Section 223(d)(5) of the Social Security Act. *See also Avery v. Secretary of Health & Human Servs.,* 797 F.2d 19 (1st Cir.1986).

■ To review the final decision of the Commissioner, courts must determine if the evidence of record meets the substantial evidence criteria to support the decision of the Commissioner herein denying plaintiff's disability claim. Substantial evidence is "more than a mere scintilla and such, as a reasonable mind might accept as adequate to support a conclusion". *Richardson v. Perales,* 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971), quoting *Consolidated Edison Co. v. N.L.R.B.,* 305 U.S. 197, 59 S.Ct. 206, 83 L.Ed. 126 (1938). The findings of the Commissioner as to any fact are conclusive, if supported by the above-stated substantial evidence. *Falú v. Secretary of Health & Human Servs.,* 703 F.2d 24 (1st Cir.1983).

■ A perusal of the evidence in the record shows plaintiff was diagnosed by Dr. Ariel Rojas, a psychiatrist, with a depressive disorder. She is mostly described as a thin individual, who is cooperative, although not spontaneous. The mood and affect were depressed but she was coherent, relevant, and logical. She was oriented in person, place, and time, and her intellectual functions were considered proportionate to her degree of education.

There is a neurological report by Dr. Samuel Méndez who refers to a prior history of bronchial asthma. The patient's general functions are described as alert, fully oriented, and cooperative, with adequate memory. The motor system presented adequate bulk, no atrophy and no spasm. There was tenderness in the cervical and lumbar paraspinal muscles. Motor strength and tone were normal. Gait and station were normal and reflexes were symmetrical. The diagnostic impression was of lumbalgia and cervicalgia. X-rays of the lumbosacral spine showed slight scoliosis and normal intervertebral spaces. The range of motion chart of the lumbar region was full, except that it was limited in flexion and extension to 60 .

There is a psychiatric medical report dated August 8, 2001, making reference to when the patient was seen for the first time in January 2, 2000. She had complaints of ill humor, being always angry and without motivation. She showed at the time of examination some psychomotor retardation. Memory was adequate. She was also well oriented and her intellectual functions were preserved. The diagnosis was under Axis 1,296.30, which is major depression, recurrent, unspecified.

To be found disabled, an impairment must render an individual unable to do her previous work and also preclude her from engaging in any other kind of substantial work activity. The ALJ found that claimant retained the residual functional capacity to perform at least a narrow range of medium. The ability to perform medium work, involves also the ability to perform light level of exertion as well as the performance of the full range of sedentary work.

Judicial review in a disability determination is limited to whether the Commissioner deployed the proper legal standard and found facts under the required proper quantum of evidence. *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir.1999). Having found there is substantial evidence in support of the decision of the Commissioner, same is AFFIRMED.

Judgment to be entered accordingly.

IT IS SO ORDERED.