Esteban Linares **RAMOS,** Plaintiff,

v.

**COMMISSIONER OF SOCIAL SECURITY,** Defendant.

No. CIV. 03–1283 (SEC–JAC).

United States District Court, D. Puerto Rico.

Dec. 15, 2003.

Rafael Colón Flores, Esq., Ponce, PR, for Plaintiff.

Camille L. Vélez Rivé, AUSA, U.S. Attorney's Office, Torre Chardón, San Juan, PR, for Defendant.

## OPINION AND ORDER

CASTELLANOS, United States Magistrate Judge.

Plaintiff filed an application for entitlement to a period of disability and ensuing disability insurance benefits with the Social Security Administration that was initially denied. Thereafter, the matter was remanded by the Appeals Council and administrative hearing was held on October 3, 2002. At both hearings, the initial and *de novo*, the testimony of a vocational expert and of the claimant were entertained.

At the alleged on-set date of disability, claimant was a 41 year-old individual, who had worked as a construction and agricultural laborer, as a ground keeper, a carpenter, a garbage collector, and finally as a vocational training teacher. He has high school education. Claimant alleged he suffered from a combination of impairments that precluded him from gainful employment due to his diabetes, hyperlipidemia, and a fractured hand.

The Administrative Law Judge (ALJ) rendered his opinion finding that claimant had a severe condition. He had a fracture on the left wrist that was treated surgically with screw and bone craft and was fixed internally, but was still non-united. Because of non-compliance with treatment or diet, there is a history of diabetes mellitus Type II and claimant has also alleged to suffer from neuropathy and associated pain, in addition to high cholesterol and triglycerides levels. The ALJ ruled that no controlling weight was given to the treating physician's assessment as to diabetic neuropathy because it was not supported by the clinical findings and it was inconsistent with the rest of the medical evidence. Additionally, the conditions claimed have not required any special procedure, hospitalization nor is there any objective finding of end organ damage or function limitations in relation to the diabetes.

The ALJ also found the record presented statements that claimant could perform

numerous daily activities, such as cleaning the yard, taking the children to school, driving, going shopping, watching television, although mostly educational programs, reading and listening to the radio.

With the assistance of the vocational expert's testimony, claimant was not considered to be under disability since there were a variety of light jobs that existed in the national economy which were well within his residual functional capacity. This finding was adopted as the final decision of the Commissioner of Social Security (the Commissioner). Plaintiff now seeks judicial review of this decision. Social Security Act, 42 U.S.C. § 405(g).[1]

To establish entitlement to benefits, claimant has the burden of proving that he became disabled within the meaning of the Social Security Act. Disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months". 42 U.S.C. § 423(d)(1)(A). This definition is further qualified by § 423(d)(2)(A) in that "An individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...". *Barnhart v. Thomas*, —— U.S. ——, ——, 124 S.Ct. 376, 378, 157 L.Ed.2d 333 (2003). *See Bowen v. Yuckert*, 482 U.S. 137, 107 S.Ct. 2287, 2294 n. 5, 96 L.Ed.2d 119 (1987); *Deblois v. Secre-*

*tary of Health & Human Servs.*, 686 F.2d 76, 79 (1st Cir.1982).

■■■ Once claimant has established he is unable to perform his previous work, the burden then shifts to the Commissioner to prove the existence of other jobs in significant numbers in the national economy that claimant is still able to perform. *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5 (1st Cir.1982); *Torres v. Secretary of Health & Human Servs.*, 677 F.2d 167 (1st Cir.1982). *See Vazquez v. Secretary of Health & Human Services*, 683 F.2d 1 (1st Cir.1982); *Geoffroy v. Secretary of Health & Human Services*, 663 F.2d 315 (1st Cir.1981).

The ALJ indicated that claimant's previous work activities required from medium to light level of exertion. The ALJ gave due consideration to allegations of pain as a disabling factor. *See* Section 3(a)(1), which amended Section 223(d)(5) of the Social Security Act. *See also Avery v. Secretary of Health & Human Servs.*, 797 F.2d 19 (1st Cir.1986).

■■■ To review the final decision of the Commissioner, courts must determine if the evidence of record meets the substantial evidence criteria to support the decision of the Commissioner which herein denied plaintiff's disability claim. Substantial evidence is "more than a mere scintilla and such, as a reasonable mind might accept as adequate to support a conclusion". *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971), quoting *Consolidated Edison Co. v. N.L.R.B.*, 305 U.S. 197, 59 S.Ct. 206, 83 L.Ed. 126 (1938). The findings of the Commissioner as to any fact are conclusive, if supported by the above-stated substantial evidence. *Falu v. Secretary of*

---

1. Section 205(g) provides:
   "[t]he court shall have power to enter, upon the pleadings and transcripts of record, a judgment affirming, modifying, or

reversing the decision of the Commissioner, with or without remanding the cause for a rehearing".

*Health & Human Services,* 703 F.2d 24 (1st Cir.1983).

■ Plaintiff's counsel has submitted a well developed and individualized memorandum of law that has been properly considered by this Magistrate. There are grounds to believe that the longitudinal development of plaintiff's conditions shows some deterioration that would preclude him from the initially arduous kind of work as a laborer. However, even though there is no consistent compliance with medical treatment nor diets, there is no objective medical evidence to support a finding of end organ damage or severe complications that might prevent performance of all kind of gainful activity.

An examination of the evidence in the record shows medication prescribed for his diabetes and one for muscle pain during 1998 through 2001. The laboratory tests found his blood was strongly lipemic. However, there is no treatment or evaluation by an endocrinologist. Plaintiff has continued treatment with his general physician. Although the fractured wrist was in 1989, plaintiff continued to work until 1999, when he claimed the diabetic condition worsen.

In 1999 there is an evaluation by a rheumatologist, Dr. Benero. The patient complained of abnormal sensation and pain in the joint of the hands. He was found to be alert and well oriented, and in no acute distress. There was adequate range of movement in the neck and extremities, as well as in the muscles and joints, without evidence of effusion or deformity. His lungs were clear and his heart had regular rhythm, without murmur or gallop. The spine had a normal lumbar curve and the patient had good posture. In the neurological aspect, the patient had a normal mental development for his age, good coordination, and no sensory deficit. There was no muscle spasm, no tenderness, or atrophy. He had good hand grip and

there was no abnormality as to gait and station nor of gross or dexterous movements. In his opinion, the patient had no impairment to handle, lift, and carry objects or to grasp and pinch. There was no impairment either to walk, sit, stand, hear, speak, or travel. A radiological study of the knees found no evidence of traumatic pathology, fracture, or dislocation. The range of motion chart disclosed full normal movements in all areas, without limitation.

To be found disabled, an impairment must render an individual unable to do his previous work and also preclude him from engaging in any other kind of substantial work activity. The vocational expert's testimony, Mr. Miguel Pellicier, showed there were light kind of work wherein claimant could alternate positions. These were available in the national economy, such as bagger, stamper, and packer.

The ALJ found that claimant retained the residual functional capacity to perform at least light work. The ability to perform light level of exertion also allows performance of the full range of sedentary kind of work.

■ Upon considering all the evidence of record, this Magistrate finds there is substantial evidence in the record as a whole to support the decision of the Commissioner. Our judicial review in a disability determination is limited to whether the Commissioner deployed the proper legal standard and found facts upon the proper quantum of evidence. *Nguyen v. Chater,* 172 F.3d 31, 35 (1st Cir.1999). Having found there is substantial evidence in support, the decision of the Commissioner is AFFIRMED.

Judgment to be entered accordingly.

IT IS SO ORDERED.