**Jerry ACOSTA, Plaintiff,**

v.

**COMMISSIONER OF SOCIAL SECURITY, Defendant.**

**No. CIV.03–1254(JAG–JAC).**

United States District Court,
D. Puerto Rico.

Jan. 12, 2004.

Salvador Medina De La Cruz, Esq., Río Piedras, PR, for Plaintiff.

Camille L. Vélez Rivé, AUSA, U.S. Attorney's Office, Torre Chardón, San Juan, PR, for Defendant.

## OPINION AND ORDER

CASTELLANOS, United States Magistrate Judge.

Above plaintiff filed an application for disability insurance benefits with the Social Security Administration which was denied. At the time, he was a 33–year old individual, with an eleventh grade education, and previous work experience as a truck driver and ship unloader, which is a semi-skilled job that requires medium level of exertion.

The Administrative Law Judge (ALJ) held a hearing on January 10, 2002, wherein the claimant waived being present and to testify. The ALJ, thereafter, issued an opinion finding that claimant suffered from herniated disc at L4–L5 and L5–S1 and high blood pressure. He was also diagnosed with a depressive and/or adjustment disorder. The combination of impairments was considered a severe condition. Still, claimant was not considered to be under disability since he could perform a variety of light jobs that existed in the national economy. These findings were adopted as the final decision of the Commissioner of Social Security (the Commissioner). Plaintiff now seeks judicial review of this decision. Social Security Act, 42 U.S.C. § 405(g).[1]

To establish entitlement to benefits, claimant has the burden of proving that he became disabled within the meaning of the Social Security Act. Disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months". 42 U.S.C. § 423(d)(1)(A). This definition is further qualified by § 423(d)(2)(A) in that "An individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...". *Barnhart v. Thomas,* —— U.S. ——, ——, 124 S.Ct. 376, 378, 157 L.Ed.2d 333 (2003). *See Bowen v. Yuckert,* 482 U.S. 137, 107 S.Ct. 2287, 2294 n. 5, 96 L.Ed.2d 119 (1987); *Deblois v. Secre-*

---

1. Section 205(g) provides:
    "[t]he court shall have power to enter, upon the pleadings and transcripts of record, a judgment affirming, modifying, or reversing the decision of the Commissioner, with or without remanding the cause for a rehearing".

*tary of Health & Human Servs.*, 686 F.2d 76, 79 (1st Cir.1982).

Once claimant has established he is unable to perform his previous work, the burden then shifts to the Commissioner to prove the existence of other jobs in significant numbers in the national economy that claimant is still able to perform. *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5 (1st Cir.1982); *Torres v. Secretary of Health & Human Servs.*, 677 F.2d 167 (1st Cir.1982). *See Vazquez v. Secretary of Health & Human Servs.*, 683 F.2d 1 (1st Cir.1982); *Geoffroy v. Secretary of Health & Human Servs.*, 663 F.2d 315 (1st Cir.1981).

In his opinion, the ALJ expressed that claimant's previous work activity required significant physical demand and was at a medium level of exertion. The ALJ gave due consideration to allegations of pain as an additional disabling factor. *See* Section 3(a)(1), which amended Section 223(d)(5) of the Social Security Act. *See also Avery v. Secretary of Health & Human Servs.*, 797 F.2d 19 (1st Cir.1986).

■ To review the final decision of the Commissioner, the courts must determine if the evidence of record meets the substantial evidence criteria to support the decision of the Commissioner herein which denied plaintiff's disability claim. Substantial evidence is "more than a mere scintilla and such, as a reasonable mind might accept as adequate to support a conclusion". *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971), quoting *Consolidated Edison Co. v. N.L.R.B.*, 305 U.S. 197, 59 S.Ct. 206, 83 L.Ed. 126 (1938). The findings of the Commissioner as to any fact are conclusive, if supported by the above-stated substantial evidence. *Falu v. Secretary of Health & Human Servs.*, 703 F.2d 24 (1st Cir.1983).

■ An examination of the evidence in the record indicates the plaintiff initiated medical treatment with the State Insurance Fund after a work related accident in 1999. The cervical spine X-rays showed straightening but grossly no fracture. An MRI found there was central disc herniation at L4–5 and L5–S1. The EMG revealed bilateral radiculopathy with a normal nerve conduction test. The patient received conservative treatment at the Mayaguez State Insurance Fund and medications for back pain. Initially in May and June of 1999, he was being treated while working ("CT") and some time thereafter, he was diagnosed with the moderate size central disc herniation, without spinal stenosis at any level of the lumbar spine. The patient is described as alert, oriented, and cooperative. He had also complaints of numbness of the lower extremities and was overweight at 250 pounds.

The rheumathologist's evaluation referred to a thirty-two year old individual who was diagnosed three months before with high blood pressure, for which he was not taking medication, and with lumbar disc disease that developed for about a year. The neck and cervical spine had normal movement; likewise with the shoulders and upper extremities, ankles, feet, hips, and knees. There was restriction in the range of movement of the dorsal spine at the lumbosacral level. During the musculoskeletal evaluation the patient complained of mild to moderate pain on palpation over the left shoulder, left wrist and left ankle, and moderate to severe pain on the lumbosacral area. There was no inflammation or swelling and reflexes of biceps and triceps muscles were normal. There was no history of neurological deficit. Although he was using a cane as support on his right side, it was not indispensable to walk. Motor strength was classified as excellent. The patient's mental state at the time of evaluation, Novem-

ber 28, 2000, is described as normal. The diagnosis was of lumbar disc disease.

Notes regarding this patient's mental condition are very limited. The West Behavioral Health Center refers to two visits with complaints of depressive feelings, loss of memory, no psychosis, no suicidal or homicidal ideas. He is described as an obese individual with good hygiene, with good visual contact, who was friendly and cooperative. His tone of voice was normal and speed was slow. The flow of thought was spontaneous and relevant. The mood was depressed. He was oriented in the three spheres and his attention and concentration appeared diminished. Judgment was fair and insight was moderate.

There is an evaluation by Dr. Bernardo E. Muñiz Ramírez which refers to an oriented patient who did not look acutely mentally ill. He had fair eye contact, with normal psychomotor activity and a normal anxiety level. The mood was mildly depressed. The diagnosis was of adjustment disorder.

To be found disabled, an impairment must render an individual unable to do his previous work and also preclude him from engaging in any other kind of substantial work activity. The ALJ found that claimant retained the residual functional capacity to perform at least light work not involving skilled, complex, or detailed tasks. The ability to perform light level of exertion also allows performance of the full range of sedentary kind of work.

Upon considering all the evidence of record, this Magistrate finds there is substantial evidence in the record as a whole to support the decision of the Commissioner. Our judicial review in a disability determination is limited to whether the Commissioner deployed the proper legal standard and found facts upon the proper quantum of evidence. *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir.1999). Having found there is substantial evidence in support, the decision of the Commissioner is AFFIRMED.

Judgment to be entered accordingly.

IT IS SO ORDERED.