Jose A. MARTINEZ CRUZ, Plaintiff,

v.

Jo Anne B. BARNHART,
Commissioner of Social
Security, Defendant.

No. CIV. 02–1816 (JACSEC).

United States District Court,
D. Puerto Rico.

April 22, 2003.

---

Rafael Colón Flores, Esq., Ponce, PR, for Plaintiff.

Camille L. Velez–Rive, United States Attorney's Office, Torre Chardon, Hato Rey, PR, for Defendant.

## OPINION AND ORDER

CASTELLANOS, United States Magistrate Judge.

Plaintiff files this action seeking judicial review of the final decision of the Commissioner of Social Security (the Commissioner) denying his application for disability benefits under the provisions of Title 42 U.S.C.A. § 423, as amended, as he was found capable of alternative gainful employment under the Social Security Act. 42 U.S.C. § 405.

The plaintiff alleges that he is not able to work because he suffers from continuous low back pain, which increases with physical activity and radiates to his left leg. He declared that the pain is persistent and unbearable.

The plaintiff filed an application for entitlement to a period of disability and disability insurance benefits on May 12, 2000, alleging disability since February 28, 1999, because of a back condition. The claim was denied on July 20, 2000, as well as its reconsideration, on October 5, 2000. The plaintiff filed an appeal of these determinations and testified at a hearing held on April 23, 2001, before an Administrative Law Judge (ALJ). An unfavorable ALJ's decision was issued, which was later denied review by the Appeals Council.

The ALJ concluded that the medical evidence showed plaintiff suffered from lower back pain radiating down the left leg, that he was treated with oral medications and physical therapy with alleged little improvement of symptoms. An Electromyographic and Nerve Conduction Velocity study performed revealed findings compatible with axonal degeneration of L5–S1,

mainly to the left side. On the other hand, there was no evidence of significant clinical findings or evidence of neurological deficit and no evidence of annular bulge or Herniated Nucleus Pulposus.

The ALJ found that although plaintiff's back condition was severe prior to September 30, 1999, his condition did not meet or equal the severity of an impairment listed in Appendix 1, Subpart P, Regulation No. 4. The ALJ determined that plaintiff retained the residual functional capacity to perform the physical exertional requirements of light work in that he was able to lift ten (10) pounds frequently and twenty (20) pounds occasionally and he was able to stand and walk for six (6) hours out of an eight (8) hour day. The ALJ then considered plaintiff's residual functional capacity in relation to the exertional capacity of his past jobs and concluded that plaintiff could not return to his past relevant work. Based on plaintiff's profile, the ALJ used Rule 202.20 of the Medical–Vocational Guidelines to direct his conclusion that Plaintiff was "not disabled". The Commissioner asserts that these findings are supported by substantial evidence and as such the ALJ's determination warrants affirmance.

The plaintiff claims that the intensity and persistence of the complaints, limitations, and reported restrictions of daily activities severely limit his capacity to perform work-related activities on a sustained basis. His past work experience consists of only hard work related activities, which he can no longer perform.

Plaintiff claims that assuming that he could perform a full range of sedentary work, further considering his residual functional capacity, age, education, work, and experience, he would still be found "disable".

To be found disabled, claimant must suffer a severe impairment which precludes his ability to perform other forms of substantial gainful activity. The initial showing of disability places on claimant the burden to show inability to perform his past relevant job. It is then that the burden shifts to the Commissioner to prove the existence of other jobs in the national economy that plaintiff can still perform. *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5 (1st Cir.1982); *Torres v. Secretary of Health & Human Servs.*, 677 F.2d 167 (1st Cir.1982). See also *Vazquez v. Secretary of Health & Human Servs.*, 683 F.2d 1 (1st Cir.1982); *Geoffroy v. Secretary of Health & Human Servs.*, 663 F.2d 315 (1st Cir.1981).

An individual shall not be considered to be under a disability unless he furnishes such medical and other evidence of the existence thereof as the Commissioner of Social Security may require. An individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability as defined in this section. 42 U.S.C. § 423(d)(5)(A).

The Act makes clear that, as a primary requirement, there must be a clinically determinable medical impairment that can reasonably be expected to produce the pain alleged. It then goes on to provide that other evidence including statements of the claimant or his doctor, consistent with the medical findings, shall be part of the calculus. If this second provision is to have any meaning, the statements of a claimant and his doctor must be additive to clinical or laboratory findings. This does not mean that *any* statements of subjective pain go into the weighing. *Avery v. Secretary of Health and Human Servs.*, 797 F.2d 19 (1st Cir.1986).

Symptoms will not have a significant effect on a disability determination or decision unless medical signs or findings show that a medical condition is present

that could reasonably be expected to produce the symptoms which are alleged or reported. However, once such a medical condition (e.g., disc disease) is objectively established, the symptoms are still not controlling for purposes of evaluating disability. Clinical and laboratory data and a well documented medical history must establish findings which may reasonably account for the symptom in a particular impairment. Objective clinical findings which can be used to draw reasonable conclusions about the validity of the intensity and persistence of the symptom and about its effect on the individual's work capacity must be present. For example, in cases of back pain associated with disc disease, typical associated findings are muscle spasm, sensory loss, motor loss, and atrophy. There must be an objective basis to support the overall evaluation of impairment severity. It is not sufficient to merely establish a diagnosis or a source for the symptom. *Avery v. Secretary, supra.*

On February 24, 1999, it was concluded that plaintiff's bone scan was normal and there was no evidence of any active infectious process in the vertebral body. Plaintiff next underwent a CT Scan of his lumbosacral spine on March 23, 1999. The test revealed that plaintiff had a mild concentric bulge at the level between L4–L5 and another to a minimal degree at L5–S1. However, no abnormality of the lumbar spine was visualized. On February 15, 2000, plaintiff underwent an MRI of his lumbosacral spine which revealed no abnormality. Thus failing to provide any "medical signs and findings, established by medically acceptable clinical or laboratory diagnostic techniques, which show the existence of a medical impairment that results from anatomical, physiological, or psychological abnormalities which could reasonably be expected to produce the pain or other symptoms alleged and which, when considered with all evidence required to be furnished under this paragraph (including statements of the individual or his physician as to the intensity and persistence of such pain or other symptoms which may reasonably be accepted as consistent with the medical signs and findings), would lead to a conclusion that the individual is under a disability". 42 U.S.C.S. 423(d)(5)(A).

An individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him or whether he would be hired if he applied for the work. 42 U.S.C. § 423(d)(2)(A).

■ Plaintiff's past relevant work was as a fast food cook, carpenter's helper, laborer, mason's helper, delivery person, reinforcer and house painter. He is considered a "young individual" by the regulations (20 C.F.R. 404.1563) and, although he is incapable of returning to his past relevant work, he has been found to be able to do light sedentary work. He also earned his GED in 1999, providing him with a much larger spectrum to engage in "any other kind of substantial gainful work which exist in the national economy.". 42 U.S.C. § 423(d)(2)(A)

■ Courts must uphold the Commissioner's findings if a reasonable mind, reviewing the record as a whole, would accept it as adequate to support his [her] conclusions. *Irlanda Ortiz v. Secretary of Health & Human Servs.,* 955 F.2d 765, 769 (1st Cir.1991); *Rodriguez v. Secretary of*

*Health & Human Servs.,* 647 F.2d 218, 222 (1st Cir.1981).

■ To review the final decision of the Commissioner courts must determine if the evidence of record meets the substantial evidence criteria to support the Commissioner's denial of plaintiff's disability claim. Substantial evidence is "more than a mere scintilla and such, as a reasonable mind might accept as adequate to support a conclusion". *Richardson v. Perales,* 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971), quoting *Consolidated Edison Co. v. N.L.R.B.,* 305 U.S. 197, 59 S.Ct. 206, 83 L.Ed. 126 (1938). The findings of the Commissioner as to any fact are conclusive, if supported by the above stated substantial evidence. *Falu v. Secretary of Health & Human Servs.,* 703 F.2d 24 (1st Cir.1983). The court would set aside a denial of benefits only if it is not supported by substantial evidence or if it is based on a legal error. *Seavey v. Barnhart,* 276 F.3d 1, 9 (1st Cir.2001). See *Rodriguez v. Secretary of Health & Human Servs.,* 647 F.2d 218, 222 (1st Cir. 1981).

This Magistrate considers that there is substantial evidence in the record as a whole to support the decision of the Commissioner. Thus, the decision of the Commissioner denying plaintiff's entitlement to disability benefits IS AFFIRMED.

The Clerk is to enter judgment accordingly.

IT IS SO ORDERED.