Zoraida **RAMOS TORRES**, Plaintiff,

v.

**COMMISSIONER OF SOCIAL SECURITY**, Defendant.

**No. CIV. 02–2306 JACJAG.**

United States District Court,
D. Puerto Rico.

June 16, 2003.

Salvador Medina–De–La–Cruz, Río Piedras, PR, for Plaintiff.

Camille L. Velez–Rive, A.U.S.A., United States Attorney's Office, Torre Chardon, Hato Rey, PR, for Defendant.

## OPINION AND ORDER

CASTELLANOS, United States Magistrate Judge.

Plaintiff filed this action seeking judicial review of the final decision of the Commis-

sioner of Social Security (the Commissioner) denying the application for a period of disability and ensuing benefits. Social Security Act, 42 U.S.C. § 405(g). This action relates to a fifty three (53) years-old individual, with a sixth grade education and with prior work experience as a machine operator. After she was dismissed from her position, she developed a mental condition, initially described as adjustment disorder with anxiety and depression.

The application for disability was filed on December 10, 1999, claiming benefits as of March 15, 1999, due to depression. After the application was initially denied, an administrative hearing was scheduled and she waived being present at the administrative hearing held on January 25, 2001.

The decision of presiding Administrative Law Judge (ALJ), adopted as the final decision of the Commissioner, denied plaintiff's disability claim. It is from the latter decision that plaintiff has now requested judicial review. The ALJ concluded that the medical evidence showed plaintiff suffered from depression, which was considered severe but not severe enough to meet or equal the Listing of Impairments (Appendix I, Subpart P, Regulation No. 4). There being no physical impairment that could impose exertional limitations on plaintiff, it was considered that her non-exertional limitations resulting from a moderate depressive disorder would still allow simple and detailed work functions but not complex ones. Thus, using the Medical Vocational Rules as a framework, plaintiff was found not to be disabled since her non-exertional limitations did not significantly compromise her ability to work at all exertional levels.

▮ To be found disabled, claimant must suffer a severe impairment which precludes her ability to perform other forms of substantial gainful activity. The initial showing of disability places on claimant the burden to show inability to perform her past relevant job. It is then that the burden shifts to the Commissioner to prove the existence of other jobs in the national economy that plaintiff can still perform. *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5 (1st Cir.1982); *Torres v. Secretary of Health & Human Servs.*, 677 F.2d 167 (1st Cir.1982). See also *Vazquez v. Secretary of Health & Human Servs.*, 683 F.2d 1 (1st Cir.1982); *Geoffroy v. Secretary of Health & Human Servs.*, 663 F.2d 315 (1st Cir.1981).

A summary of the available medical record shows a psychiatric evaluation for the year 2000 by Dr. Héctor L. Rodríguez. The patient had started psychiatric care about a year before, after being dismissed from her job as a factory worker. She informed not watching television, nor reading, nor helping with household duties or engaging in social activities. She looked well developed and well nourished and her appearance was clean and neat. Her hair was combed and she was casually dressed. The interview was described as a patient who was not cooperative and collaborated very little with the examiner. Speech was not spontaneous but she was coherent, logical and mostly relevant and there was no evidence of loosening of association or thought derailment. She informed of auditory hallucinations. Her mood was anxious and sad and the affect was depressed. She was oriented in the three spheres. Recent and remote memory showed no deficit and her attention span and concentration were slightly diminished. The fund of general knowledge was appropriate. Social judgment and insight were fair. The diagnosis was of major mood disorder depressed with psychosis.

Dr. Ariel Rojas Davis had treated the patient since April through December of 1998 and monthly thereafter. The report indicates the patient began to feel de-

pressed since mid of 1998, was unable to sleep and felt tired. She had a facial expression of sadness, but was cooperative but not spontaneous. There was psycho-motor retardation since her mind went blank when asked several questions. The affect and mood were depressed but she was oriented. The diagnosis was of major depression disorder and she was pre-scribed some medication to include Prozac 20 mg. and Xanax 2 mg.

Plaintiff had initiated treatment in 1998 through the State Insurance Fund where she was found alert, active, cooperative, spontaneous, logic, coherent, relevant, without deliria, and depressed. She bene-fitted from the maximum benefit and was discharged as case not related. Shortly thereafter, there is a psychiatric report from Dr. Rodríguez Robles in 1998 indi-cating the patient did not require supervi-sion and was able to communicate and participate in group activities. She had good relations with friends and family. Her affect was adequate and appropriate and her mood was anxious. She had an adequate flow of thought and was logic, coherent, and relevant with average intel-lectual capacity and no perception disor-ders. Attention and concentration, as well as remote, past, and recent memory were adequate. The initial diagnosis was of ad-justment disorder with anxiety and de-pression. There is a psychological evalua-tion dated June 30, 1998, which similarly described an individual who appears sad and pensive. She was oriented in time, place, and person, and thought process was adequate, logic, and coherent. There were no perceptual disorders, deliria, or hallucinations. Her mood was depressive and anxious.

Courts must uphold the Commis-sioner's findings if a reasonable mind, reviewing the record as a whole, would accept it as adequate to support her con-clusions. *Irlanda Ortiz v. Secretary of Health & Human Servs.*, 955 F.2d 765, 769 (1st Cir.1991); *Rodríguez v. Secre-tary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir.1981).

To review the final decision of the Commissioner courts must determine if the evidence of record meets the sub-stantial evidence criteria to support the Commissioner's denial of plaintiff's disabil-ity claim. Substantial evidence is "more than a mere scintilla and such, as a reason-able mind might accept as adequate to support a conclusion". *Richardson v. Pe-rales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971), quoting *Consolidated Edison Co. v. N.L.R.B.*, 305 U.S. 197, 59 S.Ct. 206, 83 L.Ed. 126 (1938). The find-ings of the Commissioner as to any fact are conclusive, if supported by the above stated substantial evidence.[1] The court would set aside a denial of benefits only if it is not supported by substantial evidence or if it is based on a legal error. *Seavey v. Barnhart*, 276 F.3d 1, 9 (1st Cir.2001). See *Rodríguez v. Secretary of Health and Hu-man Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

This Magistrate considers that there is substantial evidence in the record as a whole to support the decision of the Commissioner. Thus, the decision of the Commissioner denying plaintiff's entitle-ment to a period of disability and ensuing benefits IS AFFIRMED.

The Clerk is to enter judgment accord-ingly.

IT IS SO ORDERED.

---

1. *Falu v. Secretary of Health & Human Servs.*, 703 F.2d 24 (1st Cir.1983).