Sandra QUIÑONES ARCE, Plaintiff,

v.

**COMMISSIONER OF SOCIAL SECURITY, Defendant.**

No. CIV. 02–2779 (HL–JAC).

United States District Court,
D. Puerto Rico.

July 21, 2003.

Melba N. Rivera–Camacho, Rivera Camacho & Associates, Carolina, for Plaintiff.

Camille L. Velez–Rive, United States Attorney's Office, Torre Chardon, San Juan, for Defendant.

## OPINION AND ORDER

CASTELLANOS, United States Magistrate Judge.

This action seeks judicial review of the final decision of the Commissioner of Social Security (the Commissioner) denying plaintiff's application for a period of disability and ensuing benefits. Social Security Act, 42 U.S.C. § 405(g).

Plaintiff filed her application for disability insurance benefits claiming inability to work since June of 1999 at age 39, which was denied. After a hearing was held on April 18, 2001, the Administrative Law Judge (ALJ) issued an opinion that was adopted by the Commissioner. At the administrative hearing plaintiff, represented by counsel, testified. It was determined afterwards that plaintiff, who claimed she could not perform work because of pain in hands, back, head, and neck and a mental condition, was not under disability.

The opinion of the ALJ indicated plaintiff could move freely, without limitation of motion, and was logical, coherent, relevant, and well oriented. She was then a 41 years old female, with high school education and prior work experience as a packer and inspector. After a work related accident, plaintiff was diagnosed with cervical myositis and granted limited disability by the State Insurance Fund. There are some bulging discs in the lumbar spine. A consultative neurological evaluation did not find signs of nerve root or peripheral nerve irritability, weakness, or atrophy. There was no neuromuscular limitation to sit, stand, walk, or carry. A consultative psychiatric evaluation found major depression, with ability to handle funds. She has a moderate degree of limitation in activities of daily living and social functioning, seldom deficiencies of concentration, persistence, and pace, resulting in a failure to complete tasks in a timely manner and no episodes of deterioration or decompensation. The ALJ concluded claimant had a back condition and an effective disorder that could be considered severe. Considering, however, that her past relevant work or similar kind of work was within her residual functional capacity, and further considering the presence of pain but not to the degree claimed, the ALJ concluded she could still perform light kind of work activity. Claimant's past work as a packer and inspector entailed light level of work and as such she was not precluded from performing same, for which reason the ALJ found she was not under disability. On the above findings, the ALJ determined, adopted as the final decision of the Commissioner, that claimant was not disabled nor entitled to benefits.

■ A perusal of the medical evidence, both by the State Fund personnel and by

the consultative and treatment sources, follows. There is a consistency of medications prescribed for her mental condition to include, Zoloft and Xanax and she was also given Restoril and Elavil. On physical examination she was found to suffer myositis of the trapezial muscles. The lumbar spine found no evidence of herniation at the L2–3 level and minimally circumpherential bulging discs at L3–4 and L4–5. The spinal canal was ample in size.

Dr. Salvador Rojas reported he had treated this patient since 1993 because of lumbar pain. There was no abnormality in the sensory examination and she had no need of an assistive device for ambulation. She was given muscle relaxant and anti-inflammatory medication. The cervical spine shows no congenital vertebral abnormalities and the C5–C6 disc spaces were compatible with degenerative discogenic disease. The lumbo sacral spine showed lumbar lordosis. The vertebral body height and disc space were well preserved. There was a mild DJD of the lower lumbar facet joints as well as both sacroiliac joints. The patient continued to work until 1999 when she was laid-off.

A neurological evaluation by Dr. Ruddy A. Guerra found no atrophy of muscles and muscle tone was normal. The patient could step up and down and squat in a normal fashion and her range of motion revealed no limitation. The diagnostic impression was of cervico-dorsal and lumbar pain, without signs of nerve root or peripheral nerve irritability, weakness, numbness, or atrophy.

Dr. Pablo Perez Torrado conducted an evaluation and submitted a report for complaints of a mental condition. She had been laid-off from employment in April of 1999 because of labor force reduction due to low production. Psychiatric treatment was initiated around June of 1999 on a monthly basis until April of 2000. The patient has no limitation of daily activities but remains mostly at home, without watching television or listening to the radio nor attending religious services. Her mother helps her with the house chores and with her four children. The patient looked worried and distressed. Her verbal expression was normal in amount of production, with a normal tone and clear articulation and intonation. Her affect was labile and had a distress and tense mood. Her flow of thought was normal and organized in associations. There were no mental blocks or thought disorders, no suicidal or homicidal ideations. She was oriented in the three spheres. Attention and concentration were diminished. General knowledge was adequate. The diagnosis was of major depression, recurrent episode.

 Courts are not to re-weight the evidence or substitute their judgment for that of the Commissioner when the record before the administrative agency has been comprehensive and thorough. *Colón v. Secretary of Health & Human Serv.*, 877 F.2d 148 (1st Cir.1989). The issue to be considered by the Court in this kind of cases is whether the decision of the ALJ is supported by substantial evidence, which has been defined as "more than a mere scintilla" and "such as a reasonable mind might accept as adequate to support a conclusion". *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). Thus, judicial review of social security claims is limited to determining whether the ALJ used proper legal standards and found facts upon the proper quantum of evidence. *Ward v. Commissioner*, 211 F.3d 652, 655 (1st Cir.2000).

Upon an examination of the record as a whole, this Magistrate finds that the decision of the Commissioner is supported by substantial evidence and is to BE AF-

FIRMED. Judgment to be entered accordingly.

IT IS SO ORDERED.