Carmen L. QUINTANA, Plaintiff,

v.

**COMMISSIONER OF SOCIAL SECURITY, Defendant.**

Civil No. 02–1986(JAG)(JA).

United States District Court,
D. Puerto Rico.

Dec. 10, 2003.

Rafael Colón Flores, Ponce, PR, for Plaintiff.

Camille Vélez Rivé, U.S. Attorney's Office, San Juan, PR, for Defendant.

*OPINION AND ORDER*

ARENAS, United States Magistrate Judge.

On June 25, 2002, plaintiff filed this petition for judicial review of a final decision of the Commissioner of Social Security which denied his application for a period of disability and Social Security disability insurance benefits. The defendant filed a memorandum in support of the final decision on April 3, 2003 (Docket No. 11), and plaintiff filed a memorandum against such final decision on June 9, 2003 (Docket No. 15), signed by attorney Salvador Medina de la Cruz, and on July 1, 2003, another memorandum of law was filed, signed by attorney Rafael Colón Flores. (Docket No. 16).

The only issue for the court to determine is whether the final decision that

plaintiff is not under a disability is supported by substantial evidence in the record when looking at such record as a whole. In order to be entitled to such benefits, plaintiff must establish that she was disabled under the Act at any time on or before September 31, 1999, when she last met the earnings requirements for disability benefits under the Social Security Act. *See Evangelista v. Sec'y of Health & Human Services,* 826 F.2d 136, 140 n. 3 (1st Cir.1987).

After evaluating the evidence of record, the administrative law judge entered the following findings:

1. The claimant met the disability insured status requirements of the Act on March 1, 1995, the date the claimant stated she became unable to work, and continues to meet them through September 31, 1999.

2. The claimant has not engaged in substantial gainful activity since March 1, 1995.

3. The medical evidence establishes that the claimant has severe bronchial asthma, chronic lumbosacral sprain, and an anxiety disorder, but that she does not have an impairment or combination of impairments listed in, or medically equal to one listed in Appendix 1, Subpart P, Regulations No. 4.

4. The intensity and persistence of the claimant's subjective complaints are not credible to the extent alleged.

5. The claimant has the residual functional capacity to perform the physical exertion and nonexertional requirements of work except for engaging in heavy to very heavy exertion, inability to work in areas where she may be exposed to changes in temperature, chemicals, dust fumes, gases, and inability to perform detailed or complex tasks (20 CFR 404.1545).

6. The claimant is unable to perform her past relevant work as cloth designer.

7. The claimant's residual functional capacity for the full range of medium work is reduced by the limitations cited in finding number 5.

8. The claimant is 45 years old, which is defined as a younger individual (20 CFR 404.1563).

9. The claimant has a high school education. She cannot communicate in English (20 CFR 404.1564).

10. The claimant does not have any acquired work skills which are transferable to the skilled or semi-skilled work functions of other work (20 CFR 404.1568).

11. Based on an exertional capacity for medium work, and the claimant's age, education, and work experience, section 404.1569 and Rule 203.30, Table No. 3, Appendix 2, Subpart P, Regulations No. 4 would direct a conclusion of "not disabled."

12. The claimant's capacity for medium work has not been compromised by her nonexertional limitations. Accordingly, using the above cited rule as a framework for decision-making, the claimant is not disabled.

13. The claimant was not under a "disability," as defined in the Social Security Act, at any time through the date of this decision (20 CFR 404.1520(f)).

Tr. at 27–28.

■ Plaintiff has the burden of proving that she has become disabled within the meaning of the Social Security Act. *See Bowen v. Yuckert,* 482 U.S. 137, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987). A finding of disability requires that plaintiff be unable

to perform any substantial gainful activity or work because of a medical condition which has lasted or which can be expected to last for a continuous period of at least twelve months. *See* 42 U.S.C. § 416(i)(1). In general terms, evidence of a physical or mental impairment or a combination of both is insufficient for the Commissioner to award benefits. There must be a causal relationship between such impairment or impairments and plaintiff's inability to perform substantial gainful activity. *See McDonald v. Sec'y of Health & Human Services,* 795 F.2d 1118, 1120 (1st Cir.1986). Partial disability does not qualify a claimant for benefits. *See Rodriguez v. Celebrezze,* 349 F.2d 494, 496 (1st Cir.1965).

The administrative law judge ended the sequential inquiry at step five. At this level, it has already been determined that the claimant cannot perform any work she has performed in the past due to a severe impairment or combination of impairments. The inquiry requires a consideration of the claimant's residual functional capacity as well as the claimant's age, education, and past work experience to see if the claimant can do other work. If the claimant cannot, a finding of disability will follow. *See* 20 C.F.R. § 404.1520(f). At step five, the Commissioner bears the burden of determining that significant jobs exist in the national economy given the above factors. *See Nguyen v. Chater,* 172 F.3d 31 (1st Cir.1999); *Lancellotta v. Sec'y of Health & Human Services,* 806 F.2d 284 (1st Cir.1986); *Vazquez v. Sec'y of Health & Human Services,* 683 F.2d 1, 2 (1st Cir.1982).

Plaintiff has had bronchial asthma since she was a child. She has a history of smoking a pack of cigarettes a day up to about five years ago. She has received emergency treatment in 1992 and 1994. Dr. Carmen Rivera Acosta saw plaintiff regularly since 1997. She was asymptomatic frequently but also had moderate attacks monthly, which attacks responded to treatment. (Tr. at 209–13.) Dr. Rivera diagnosed tinea corporis, a lesion which occurs in asthmatic patients. Plaintiff has lumbosacral sprain. Mild tenderness upon palpation to shoulders, knees and back, with moderate pain of ankles was reported by Dr. Michael Babilonia Román. He felt plaintiff was unable to bend or lift heavy objects. A poor prognosis for recovery was reported.

Plaintiff also alleges depression and anxiety symptoms which limit her capacity to take full care of her chores. Dr. Ingrid Alicea saw her seven times until February 4, 1998. Dr. Arias Boneta also saw plaintiff since December 22, 1997, a total of ten times up to 1999.

A physical residual functional capacity assessment dated May 19, 1998 by internist Dr. Francisco Rodríguez de la Obra, and affirmed by internist Dr. Acisclo M. Marxuach, shows some exertional limitations and postural limitations, such as climbing, stooping, kneeling, and crouching. (Tr. at 265–72.) Environmental limitations were the avoidance of concentrated exposure to extreme cold, extreme heat, wetness, humidity, fumes, odors, dusts, gases, etc. A psychiatric review technique form dated May 22, 1998 by Hilario de la Iglesia, Ph. D., and affirmed by psychiatrist Dr. Luis Vecchini, reflects the presence of anxiety and depression, as well as moderate functional limitations. (Tr. at 281.) A mental residual functional capacity assessment similarly reflects moderate limitations in ability to understand, remember and carry out detailed instructions, maintain attention for extended periods, and to perform activities within a schedule. (Tr. at 283–86.) Another mental residual functional capacity assessment and psychiatric review technique form by Dr. Francisco Arias Boneta, dated March 17, 1999 (Tr. at 316–23), noted more severe

limitations in ability to maintain concentration for extended periods and ability to perform activities within a schedule, maintain regular attendance, and be punctual with customary tolerances. (Tr. at 319.) She was found to be extremely limited in the ability to complete a normal work-day and workweek without interruptions from psychologically based symptoms and to perform at a persistent pace without an unreasonable number and length of rest periods. (Tr. at 320.) There were marked limitations in ability to respond to changes in the work setting and in the ability to set realistic goals or make plans independently of others. (Tr. at 321.) Dr. Arias Boneta noted organic mental disorder (associated with a dysfunction of the brain, evidenced by perceptual or thinking disturbances, change in personality, disturbance in mood, emotional liability and impairment in impulse control and loss of measured intellectual ability). (Tr. at 327.) He also found affective disorder with depressive syndrome and manic syndrome. Also he found anxiety related disorder accompanied by motor tension, autonomic hyperactivity, apprehensive expectation, and vigilance and scanning. (Tr. at 329.) There was a moderate degree in his functional limitations generally. (Tr. at 333.) Another mental residual functional capacity assessment by Dr. Francisco Arias Boneta, dated August 12, 1999, reflected more severe results than his previous one in parts, and less severe in others. (Tr. at 340–45.) Dr. José Zamora Alvares conducted a psychological evaluation of plaintiff on April 14, 1998 and diagnosed generalized anxiety disorder, r/o major depressive disorder, only episode, moderate. (Tr. at 262.) Dr. Alberto Rodríguez Robles conducted a psychiatric evaluation in early 1999 and diagnosed "family problems generalized anxiety disorder." (Tr. at 313.)

Clearly, the extensive evidence reflects that plaintiff has a respiratory impairment that causes symptoms of wheezing and fatigue. Her emergency treatment since date of alleged onset has never been for more than 24 hours. Her chronic lumbar pain has no neurological deficit attached to it. The administrative law judge noted inconsistencies and conflicts in the record in his rationale. Based upon such conflicts, he determined that plaintiff's subjective complaints were not credible to the extent alleged, particularly since her daily living activity limitations are not credible and because the complaints are inconsistent with the medical findings reported. (Tr. at 24.) The administrative law judge acknowledged allegations of severe disabling exertional and nonexertional impairments. (Finding No. 3). These were required to be considered under SSR 96–7p and circuit case law. *See Avery v. Sec'y of Health & Human Services*, 797 F.2d 19 (1st Cir.1986). The factors to be weighed under the correct standard are the following:

1. The location, onset, duration, frequency, radiation, and intensity of any pain;

2. Precipitating and aggravating factors (e.g., movement, activity, environmental conditions);

3. Type, dosage, effectiveness, and adverse side-effects of any pain medication;

4. Treatment, other than medication, for relief of pain;

5. Functional restrictions; and

6. The claimant's daily activities (20 C.F.R. § 404.1529(c)(3) and SSR 96–7p).

■ While not following any particular outline, the administrative law judge addressed all of the required points within the supporting rationale for the final decision. (Tr. at 21–25.) After considering a record with evaluations and assessments reflecting conflicting degrees of medical

impairments, not only did the administrative law judge specifically explain the exact grounds for his reasoning, he made reference to some of the many exhibits of record upon which he based the conclusions in his rationale. (Exhibits 3E, 7F, 11F, 17F, 18F.) *See Martinez Cruz v. Barnhart,* 265 F.Supp.2d 173, 175–76 (D.P.R.2003).

Plaintiff argues that greater weight should have been given to the medical evidence from all sources. However, it is well settled that even the opinions of treating physicians are not entitled to greater weight merely because they are treating physicians. *Rodriguez Pagan v. Sec'y of Health & Human Services,* 819 F.2d 1, 3 (1st Cir.1987); *Sitar v. Schweiker,* 671 F.2d 19, 22 (1st Cir.1982); *Perez v. Sec'y of Health, Educ. & Welfare,* 622 F.2d 1 (1st Cir.1980); *Rosado–Lebron v. Comm'r of Soc. Sec.,* 193 F.Supp.2d 415, 417 (D.P.R.2002). The administrative law judge was not required to give the opinions controlling weight. *See* 20 C.F.R. § 404.1527(d); *cf. Sanchez v. Comm'r of Soc. Sec.,* 270 F.Supp.2d 218, 221 (D.P.R. 2003). Similarly the administrative law judge did not substitute his own opinion for uncontroverted medical evidence reflecting disability. In fact he relied on the relatively extensive record, including residual physical and mental functional capacity assessments which translated raw medical data into functional terms. In general, when a nonexertional limitation is found to impose no significant restriction on the range of work a claimant is exertionally able to perform, reliance on medical-vocational guidelines, known as the GRID, is appropriate. Even where a nonexertional impairment is significant, the GRID may still be used as "a framework for consideration of how much the individual's work capability is further diminished." 20 C.F.R. pt. 404 subpt. P. app. 2, § 200.00(e)(2) (1997); *Ortiz v. Sec'y of Health & Human Services,* 890 F.2d 520, 524 (1st Cir.1989); *see Eleutice v. Comm'r*

*of Soc. Sec.,* 275 F.Supp.2d 172, 175–76 (D.P.R.2003). If the applicant's limitations are exclusively exertional, then the Commissioner can meet the burden through the use of the chart contained in the Social Security regulations. 20 C.F.R. § 416.969; Medical–Vocational Guidelines, 20 C.F.R. pt. 404, subpt. P, app. 2, tables 1–3 (2001), *cited in* 20 C.F.R. § 416.969; *Heckler v. Campbell,* 461 U.S. 458, 103 S.Ct. 1952, 76 L.Ed.2d 66 (1983). The GRID consists of a matrix of the applicant's exertional capacity, age, education, and work experience. If the facts of the applicant's situation fit within the Grid's categories, the Grid "directs a conclusion as to whether the individual is or is not disabled." 20 C.F.R. pt. 404, subpt. P, app. 2, § 200.00(a), *cited in* 20 C.F.R § 416.969. However, if the applicant has nonexertional limitations (such as mental, sensory, or skin impairments, or environmental restrictions such as an inability to tolerate dust, *id.* § 200(e)) that restrict his ability to perform jobs he would otherwise be capable of performing, then the GRID is only a "framework to guide [the] decision," 20 C.F.R. § 416.969a(d) (2001). *Seavey v. Barnhart,* 276 F.3d 1, 4 (1st Cir.2001). Having reviewed the record and the rationale of the administrative law judge, I cannot find that the administrative law judge erred in using the GRID as a framework for decision-making.

This case reflects a reasonable balancing and weighing of evidence by the administrative law judge. The administrative law judge weighed plaintiff's subjective complaints against the evidence in the record. While not disregarding plaintiff's allegations, the judge weighed them against the lack of objective medical findings which would tend to support allegation.

The rationale of the administrative law judge is thorough and a reasonable weighing of the evidence does not point to an *a*

*fortiori* requirement that the Commissioner find plaintiff to be disabled under the Social Security Act. Looking at the evidence as a whole, and even if I disagree with the final decision, I cannot find that the Commissioner's decision has failed to comply with the requirements of the substantial evidence rule. *Quinones Arce v. Comm'r of Soc. Sec.*, 274 F.Supp.2d 143, 146 (D.P.R.2003); *cf. Ramos Torres v. Comm'r of Soc. Sec.*, 267 F.Supp.2d 167, 170 (D.P.R.2003). There being no good cause to remand, the final decision of the Commissioner is affirmed and this action is dismissed.